The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 27, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: September 27, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ASHLEY ANN-MARIE McZEAL, | ) | Case No. 14-15947 |
|     Debtor. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| MARVIN A. SICHERMAN, | ) | |
| TRUSTEE, | ) | |
|     Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 16-1119 |
| v. | ) | |
| | ) | |
| WORLD AUTO NETWORK INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

This matter is currently before the Court on plaintiff-trustee Marvin A. Sicherman's amended motion for attorney's fees. The trustee seeks $43,945.65 in attorney's fees and court costs. For the reasons stated below, the Court awards the

---

[1] This Opinion is not intended for official publication.

trustee $7,630.35 in attorney's fees and $358.21 for expenses, including court costs, for a total of $7,988.56.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio. Both the trustee and World Auto Network Inc. ("World Auto") have expressly consented to this Court entering final judgment on the trustee's claims in this proceeding. Therefore, the Court need not determine whether the claims are core or non-core. *See* 28 U.S.C. § 157(c) and (e); *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015) ("Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent.").

## BACKGROUND AND PROCEDURAL HISTORY

On September 16, 2014, Ashley Ann-Marie McZeal ("McZeal") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 14-15947, Docket No. 1). On July 15, 2016, the Chapter 7 trustee, Marvin A. Sicherman, filed an application to employ Ronald I. Frederick and the law firm of Frederick & Berler LLC as special counsel (Case No. 14-15947, Docket No. 38). By order entered August 1, 2016, the Court granted the motion to employ Ronald I. Frederick and the law firm of Frederick & Berler LLC as special

2

counsel ("order granting application to employ") (Case No. 14-15947, Docket No. 39).

On September 16, 2016, the trustee filed this adversary proceeding against World Auto alleging seven counts on behalf of McZeal's bankruptcy estate. Count one sought damages for violation of the deposit requirements of the Ohio Consumer Sales Practices Act and the Ohio Administrative Code. Count two sought damages for a sale at a price over the advertised price in violation of the Ohio Consumer Sales Practices Act and the Ohio Administrative Code. Count three sought damages for raising the price of a vehicle to a specific consumer in violation of the Ohio Consumer Sales Practices Act and the Ohio Administrative Code. Count four sought damages for charging an interest rate in excess of the legal maximum of 25 percent imposed by the Ohio Retail Installment Sales Act, Ohio usury law, and the Ohio Consumer Sales Practices Act. Count five sought damages for violating the prohibition against spot delivery agreements contained in the Ohio Consumer Sales Practices Act and the Truth in Lending Act. Count six sought damages for fraud, fraud in the inducement, and misrepresentation. Count seven sought damages for failing to properly disclose and calculate a finance charge and annual percentage rate in violation of the Truth in Lending Act.

On November 30, 2018, the trustee filed a motion for partial summary judgment seeking a determination on liability only (Docket No. 51). On

March 17, 2019, the Court granted the trustee's motion for partial summary judgment as to liability on count two and denied summary judgment as to liability on all remaining counts. On April 18, 2019, an agreed judgment was entered in favor of the trustee for the sum of $9,737.22 ($3,245.74 x 3 = $9,737.22) as treble damages, plus damages of $259.66 to reimburse the trustee the additional sales tax on the amount paid in excess of the advertised price of the vehicle, for a total of $9,996.88 plus interest, costs, and attorney's fees as allowed by law.

On June 26, 2019, the trustee filed a motion seeking attorney's fees and costs in the amount of $15,582.44 (Docket No. 71). On July 11, 2019, the trustee filed an amended motion for attorney's fees, claiming that due to a change in billing systems, the original motion had inadvertently omitted all hours worked and costs incurred prior to May of 2018, totaling $28,363.21 (Docket No. 72). In the amended motion, the trustee seeks a total of $43,945.65 in attorney's fees and costs.

## DISCUSSION

> Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Aleskya Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975) . . . . This default rule can, of course, be overcome by statute. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967). It can also be overcome by an "enforceable contract" allocating attorney's fees. *Ibid.*

*Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (citations omitted).

In this proceeding, the trustee and World Auto have agreed to a judgment based on a violation of the Ohio Consumer Sales Practices Act as referenced in Count two of the complaint. Under the terms of the Agreed Judgment Entry:

> Plaintiff is the prevailing party and is entitled to attorney fees. This Court shall determine the appropriate amount Plaintiff's counsel is entitled to as reasonable attorney fees pursuant to ORC §1345.092 consistent with due process.

Agreed Judgment Entry (Docket No. 67).

Ohio Revised Code Section 1345.09 provides in pertinent part:

> (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed and limited pursuant to section 1345.092 of the Revised Code, if either of the following apply:
> (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
> (2) The supplier has knowingly committed an act or practice that violates this chapter.

Ohio Rev. Code Ann. § 1345.09

In a Consumer Sales Practices Act case, "the trial court has the discretion to determine whether attorney fees are warranted under the facts of each case." *Charvat v. Ryan*, 116 Ohio St. 3d 394, 401, 2007-Ohio-6833, ¶ 27, 879 N.E.2d 765, 772. A trial court's determination should not be disturbed "[u]nless the amount of fees determined is so high or so low as to shock the

5

conscience." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St. 3d 143, 146, 569 N.E.2d 464, 467 (1991) (quoting *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345, 351–52 (1991)).

In calculating an award for attorney's fees for a Consumer Sales Practices Act violation, the Sixth Circuit follows the guidelines set out in *Bittner*. *See Davis v. Mut. Life Ins. Co. of N.Y.*, 6 F.3d 367, 384 (6th Cir. 1993). Pursuant to *Bittner*, a trial court first should calculate a "lodestar" amount of the number of hours reasonably expended on a case multiplied by a reasonable hourly fee. *Bittner*, 58 Ohio St. 3d at 145. The court may then modify that amount based on the following factors:

(1) The time and labor involved in maintaining the litigation;
(2) The novelty and difficulty of the questions involved;
(3) The professional skill required to perform the necessary legal services;
(4) The attorney's inability to accept other cases;
(5) The fee customarily charged;
(6) The amount involved and the results obtained;
(7) Any necessary time limitations;
(8) The nature and length of the attorney/client relationship;
(9) The experience, reputation, and ability of the attorney; and
(10) Whether the fee is fixed or contingent.

*Id.* at 145–46. The court is required to provide a clear explanation of its reasoning for the fee determination. *Id.*

## *"Lodestar" Calculation*

Excluding costs, the trustee seeks a total of $43,190.50 in attorney's fees. As an initial matter, the Court will note that the bill submitted by the trustee's counsel includes hours worked prior to the August 1, 2016, order granting application to employ. While a court may approve an attorney's employment *nunc pro tunc* upon the attorney's motion "if necessary to prevent unfair or inequitable consequences," *In re Kearney*, 581 B.R. 644, 647 (Bankr. D.N.M. 2018), the trustee made no such request in either the application to employ or the amended motion for attorney's fees. Therefore, the Court will not award attorney's fees for the 2.3 hours of work performed prior to the entry of the August 1, 2016, order.

By excluding the hours worked prior to the entry of the order granting the application to employ, the total award is reduced by:

- $89.50 for 0.8 hours worked by employee GLS at a rate of $110 per hour;
- $617.50 for 1.3 hours by employee JSW at a rate of $475 per hour; and
- $28.00 for 0.2 hours by employee CW at a billed rate of $140 per hour.

The initial "lodestar" amount is therefore $42,455.50.

## *Time and Labor Involved*

The Court may adjust an award of attorney's fees based on the time and labor involved in maintaining the litigation, the novelty and difficulty of the questions involved, and the professional skill required to perform the necessary

7

legal services.  *Bittner*, 58 Ohio St. 3d at 145–46.  The creditor presented the trustee with a cure offer early in the litigation, just over two months after the complaint was filed (Docket No. 6).  Rather than accepting or rejecting the offer outright, the trustee filed a "conditional acceptance" of the cure offer, which was essentially a counteroffer (Docket No. 7).  The conditional acceptance led the trustee's counsel to spend several hours unnecessarily on a motion to enforce the settlement and a motion to accept the settlement in the Consumer Sales Practices Act claims only, neither of which was ever filed.

*Novelty and Difficulty of the Questions Involved*

The claims in this case were not particularly novel or difficult, although the hours expended suggest otherwise.  The amended motion for attorney's fees focuses on the law firm's extensive experience and expertise in the area of consumer law.  For attorneys with such a high level of experience, the claims in this case should not have been especially difficult to litigate.  A court must exclude hours that were not reasonably expended.  *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2017 WL 2821706, at *5 (S.D. Ohio June 30, 2017) (quoting *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986), abrogated on other grounds by *The Ne. Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).  In doing so, the court "is to consider 'whether the lawyer used poor judgment in spending too many hours on some part of the case.' "  *Id.*  "The

number of hours should be reduced to exclude 'hours that are excessive, redundant, or otherwise unnecessary' in order to reflect the number of hours that would be properly billed." *Fabish v. Harnak*, 5th Dist. Delaware No. 15-CAG-04-0036, 2015-Ohio-4777 (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

Attorney Wertheim billed at a rate of $475 per hour for approximately 12.4 hours spent researching and drafting the complaint. The Court believes this to be an unreasonable amount of time for an experienced attorney to draft a complaint considering the straightforward nature of the claims involved. Attorney Jacquelyn Frederick, whose hourly rate is listed in the application to employ as $250 per hour, likely would have been able to familiarize herself with the subject matter of the case and complete the work in the same amount of time at a much lower hourly rate. Because the Court has determined that Attorney Wertheim spent an unreasonable amount of time researching the case and drafting the complaint, the Court reduces attorney Wertheim's hours to 50% of the hours listed on the bill (excluding the hours worked prior to the entry of the August 1, 2016, order granting application to employ), or 22.35 hours. The Court will reduce the total amount of attorney's fees by $10,616.25, for 22.35 hours worked at a rate of $475 per hour. The award of attorney's fees is therefore reduced to $31,839.25.

*Experience, Reputation, and Ability of the Attorneys*

Another factor for the Court to consider in determining an award of attorney's fees is the experience, reputation, and ability of the attorneys. The trustee's amended motion for attorney's fees highlights the reputation of the law firm and the reputation, experience, and ability of attorneys Ronald Frederick, Michael Berler, Michael Fine, and Jacquelyn Frederick, and paralegal Connie Walker. However, several of the employees listed on the bill for attorney's fees are not mentioned in the motion. Employees GLS, RTM, JSW, and TWR are not mentioned, and no reasons are given to justify their hourly rates.

Notably, employees JSW and RTM—presumably attorneys James Wertheim and Rosemary Taft-Milby based on the application to employ—billed at a rate of $475 per hour. Although it is clear from the application to employ that Mr. Wertheim and Ms. Taft-Milby are attorneys, the trustee has not provided the Court with anything to show that the rate of $475 per hour is warranted. The amended fee application does not explain why some of the work could not be done by attorney Jacquelyn Frederick at the rate of $250 per hour. Therefore, the Court will reduce the rate for attorneys Wertheim and Taft-Milby to $250 per hour.

By reducing attorney Wertheim's rate from $475 per hour to $250 per hour for 22.35 hours worked, the award of attorney's fees is reduced by $5,028.75 to a total of $26,810.50.

10

By reducing attorney Taft-Milby's hourly rate from $475 to $250 for 4.5 hours worked, the award of attorney's fees is reduced by $1,012.50 to a total of $25,798.00.

Additionally, employees GLS and TWR are not mentioned in either the amended motion for attorney's fees or the application to employ. Therefore, the Court has no information regarding who GLS and TWR are, their qualifications, or what position they hold at the firm. The billing rates for GLS and TWR also do not match up with any of the rates listed in the application to employ. The billing rate for GLS is listed as $110 per hour, and the billing rate for TWR is $125 per hour. The application to employ lists the rates of law clerks as $90 per hour, legal assistants at $120 per hour, and paralegals at $140 per hour. The Court will reduce the hourly rate of GLS to that of a law clerk at $90 per hour, and the hourly rate of TWR to that of a legal assistant at $120 per hour.

By reducing employee GLS's hourly rate from $110 per hour to $90 per hour for 0.7 hours worked, excluding hours worked prior to the order granting application to employ, the award of attorney's fees is reduced by $14.00 to a total of $25,784.00.

By reducing employee TWR's hourly rate from $125 per hour to $120 per hour for 3.9 hours worked, the award of attorney's fees is reduced by $19.50 to a total of $25,764.50.

The trustee submitted two bills with the amended motion for attorney's fees. The first bill includes work done between April 6, 2016, and September 6, 2017, and the second bill includes work done between May 18, 2018, and June 25, 2019. The hourly rate listed in the first bill matches the rate listed in the application to employ of $475 per hour for attorney Ronald Frederick. However, on the second bill, the hourly rate for attorney Ronald Frederick increases to $500 per hour. Additionally, the application to employ lists attorney Michael Berler's rate at $350 per hour and attorney Jacquelyn Frederick's rate at $250 per hour. These rates also increase in the second bill to $400 per hour for attorney Berler and $300 per hour for attorney Jacquelyn Frederick. The Court will reduce the billing rates for attorneys Ronald Frederick, Michael Berler, and Jacquelyn Frederick to those listed in the application to employ—$475 per hour for attorney Ronald Frederick, $350 per hour for attorney Berler, and $250 per hour for attorney Jacquelyn Frederick.

By reducing attorney Ronald Frederick's hourly rate from $500 per hour to $475 per hour for the 4.6 hours listed on the second bill, the award of attorney's fees is reduced by $115.00 to a total of $25,649.50.

By reducing attorney Berler's hourly rate from $400 per hour to $350 per hour for 0.1 hours worked, the award of attorney's fees is reduced by $5.00 to a total of $25,644.50.

By reducing attorney Jacquelyn Frederick's hourly rate from $300 per hour to $250 per hour for 4.2 hours worked, the award of attorney's fees is reduced by $210.00 to a total of $25,434.50.

*The Amount Involved and the Results Obtained*

The Court may also adjust the fee award based on the amount involved and the results obtained. In the application to employ, the Trustee represented that Frederick & Berler estimated an approximate value for the claims of "at least $25,000.00 to $50,000.00 plus reasonable attorney fees . . . [which] may be between $10,000.00 and $20,000.00, and perhaps more" (Case No. 14-15947, Docket No. 38). However, the total of the damages was ultimately $9,996.88, roughly 20 percent to 40 percent of the firm's initial estimate of "at least $25,000.00 to $50,000.00." The attorney's fees need not "bear a direct relationship to the dollar amount of the settlement." *Bittner*, 58 Ohio St. 3d at 144. But the Court believes that the discrepancy between the estimated value of the claims and the ultimate settlement in this case is relevant in determining an award of attorney's fees. Because the settlement amount was 60 percent to 80 percent less than the estimated value of the claims, the Court will reduce the amount of attorney's fees by 70 percent. *See id.* at 145 ("There remain other considerations that may lead the . . . Court to adjust the fee upward or downward, including the important consideration of 'results obtained.' . . . [T]he results-obtained factor

13

encompasses the degree of success enjoyed by the prevailing party." (citation omitted)). *Cf. Hensley*, 461 U.S. at 436-37 (under federal fee-shifting provisions, the district court has the discretion to reduce an award of attorney's fees to account for partial or limited success).

By reducing the amount by 70 percent, the award of attorney's fees is reduced by $17,804.15 to a total of $7,630.35.

*Whether the Fee Was Fixed or Contingent*

In determining an award for attorney's fees, the Court may also consider whether the fee was fixed or contingent. The fee in this matter was contingent upon the trustee's success. The trustee seeks an enhancement of the fee because the contingent nature of the fee allegedly increased the risk to the trustee's counsel. In the amended motion for attorney's fees, the trustee cites a California case to support the argument that "a contingent fee must be higher than the fee for the same legal services as they are performed." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1123, 17 P.3d 735 (2001). However, Ohio courts have held that the contingent nature of a fee is not controlling in determining an award for attorney's fees pursuant to the Consumer Sales Practices Act, and that it is "unfair to hold a third-party adversary to the terms of another's bargain." *Stacy v. Nationwide Mut. Ins. Co.*, 125 Ohio App.3d 658, 672, 709 N.E.2d 519 (1998); *see also Borror v. MarineMax of Ohio, Inc.*, 2007-Ohio-562, ¶ 60 (6th Dist.) ("We are troubled by

14

what appears to be great weight given by the trial court to its conclusion that Borror's counsel took a 'risk' by entering into the contingency fee agreement."). Therefore, the Court will not grant an enhancement based on the contingent nature of the fee.

*General Impressions*

The Court's application of the factors set forth above is also consistent with the Court's general impression of counsel's efforts in this proceeding and the overall results obtained. In particular, the Court notes that an award of about $8,000 in attorney's fees is appropriate given the following circumstances:

- Plaintiff's lead counsel reviewed, signed, and filed the original fee application seeking about $15,500 in attorney's fees. Apparently, the amount of billable time in the original application, which omitted all work before May of 2018, did not come across as unreasonably low for work on this matter.

- It appears that attorney Wertheim may not have had prior experience representing consumer debtors and, therefore, spent many more hours performing tasks and getting up to speed than someone more experienced in this area.

- The trustee could have accepted World Auto's $5,000 settlement offer in 2016 without the need for any additional attorney's fees. True, the statutory provision limiting attorney's fees under Ohio Rev. Code Section 1345.092 does not apply because the agreed judgment exceeds the amount of the offer, but the concept of a reduced fee award when the amount recovered is itself only 20 to 40 percent of what the trustee's attorneys had represented would constitute a full recovery is well-established; *see Bittner*, 58 Ohio St. 3d at 145.

15

*Costs*

In addition to attorney's fees, the trustee also seeks costs in the amount of $755.15. The first bill lists costs in the amount of $358.21 for postage and filing fees. The second bill lists unexplained costs of $396.94. The Court will not award $396.94 for costs that are unexplained. Therefore, the Court will only award $358.21 in costs.

## CONCLUSION

For the reasons stated above, the Court will award **$7,630.35** in attorney's fees and **$358.21** in expenses, including court costs, for a total of **$7,988.56**.